UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------x
DERON MACKINNEY,

                Plaintiff,          **MEMORANDUM OF DECISION AND ORDER**

   -against-

BURGER KING CORPORATION,       Civil Action No. 05-188 (DRH)(AKT)

                Defendant.
------------------------------x

**APPEARANCES:**

**Sable & Gold**
Attorneys for Plaintiff
450 Seventh Avenue
Suite 1901
New York, New York 10123
By: Fredric M. Gold, Esq.

**Lester Schwab Katz & Dwyer, LLP**
Attorneys for Defendant
120 Broadway
New York, New York 10271
By: Allyson B. Lainer-Belmont, Esq.

**HURLEY, Senior District Judge:**

      This case involves a slip and fall accident that occurred in the bathroom of Defendant's store. Presently before the Court is the motion of Defendant Burger King Corporation ("Defendant") for summary judgment. For the reasons set forth below, the motion is granted.

*Background*

The following facts are drawn from the parties' Local 56.1 statements, and the parties' submissions. The facts are undisputed unless otherwise noted.

Plaintiff, Deron MacKinney, ("Plaintiff") was a patron of the Burger King located at 3960 Sunrise Highway, Seaford, New York in the late afternoon on May 5, 2003 . While there, Plaintiff used the single stall restroom. It was in the bathroom that the accident allegedly occurred.

Approximately fifteen minutes before the alleged accident, the acting store manager, Mohammed Zaman used the same single stall bathroom. At that time it was clean. There was no debris, liquid, toilet paper or anything else on the floor. Approximately ten minutes later (and about five minutes before the accident), a senior assistant manager used the same bathroom and did not see any debris, liquid, paper or anything else on the floor.

According to Plaintiff, when he entered the bathroom it was in bad shape — there were paper towels or possibly tissue paper spread out on the floor near the toilet; the floor appeared to be wet[1] and the bathroom reeked of urine. MacKinney Dep. at p.29-30. Plaintiff proceeded to

---

[1] At his deposition, Plaintiff testified that the floor "appeared to be wet" but that the paper on the floor was its natural color. MacKinney Dep. at 29 -31. He further testified that he did not take any particular precautions because of what he observed before the accident. *Id*. at 30. In opposition to the motion for summary judgment, Plaintiff submits an affidavit claiming "there was a puddle spanning about one third of the room or twelve to eighteen square feet." This embellishment and at least partially, if not totally, contradictory statement, made in an attempt to raise a feigned factual issue and designed to avoid the consequences of plaintiff's earlier testimony, need not be considered. *See Brown v. Henderson,* 257 F.3d 246, 252 (2d Cir. 2001) ("factual allegations that might otherwise defeat a motion for summary judgment will not be permitted to do so when they are raised for the first time in plaintiff's affidavit opposing summary judgment and that affidavit contradicts [plaintiff's] own deposition testimony.") (internal citations and quotations omitted). *Accord Nieves v. ISS Cleaning Serv. Group Inc.*, 284A.D.2d 441, 442, 726 N.Y.S.2d 456 (2d Dept. 2001); *Gantt v. County of Nassau,* 234 A.D.2d

use the toilet and, as he was turning away to use the sink, allegedly slipped on the liquid debris and fell to the floor, whereupon his pants became soaked in urine and he became injured. Plaintiff admits that he does not know how long the alleged condition existed on the floor prior to his fall or how the condition came to be on the floor. According to Defendants' employees, who reported to the bathroom immediately after the accident, there was no debris, liquid, toilet paper, or anything else on the floor.

## *Discussion*

Summary judgment pursuant to Federal Rule of Civil Procedure 56 is only appropriate where admissible evidence in the form of affidavits, deposition transcripts, or other documentation demonstrates the absence of a genuine issue of material fact, and one party's entitlement to judgment as a matter of law. *See Viola v. Philips Med. Sys. of N. Am.*, 42 F.3d 712, 716 (2d Cir. 1994). The relevant governing law in each case determines which facts are material. "[O]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). No genuinely triable factual issue exists when the moving party demonstrates, on the basis of the pleadings and submitted evidence, and after drawing all inferences and resolving all ambiguities in favor of the non-movant, that no rational jury could find in the non-movant's favor. *Chertkova v. Conn. Gen'l Life Ins. Co.*, 92 F.3d 81, 86 (2d Cir. 1996) (citing Fed. R. Civ. P. 56(c)).

---

338, 651 N.Y.S.2d 541 (2d Dept. 1996). Even if the Court were to consider this statement, it would not change the result herein.

To defeat a summary judgment motion properly supported by affidavits, depositions, or other documentation, the non-movant must offer similar materials setting forth specific facts that show that there *is* a genuine issue of material fact to be tried. *Rule v. Brine, Inc.*, 85 F.3d 1002, 1011 (2d Cir. 1996). The non-movant must present more than a "scintilla of evidence," *Delaware & Hudson Ry. Co. v. Consolidated Rail Corp.*, 902 F.2d 174, 178 (2d Cir. 1990) (quoting *Anderson*, 477 U.S. at 252), or "some metaphysical doubt as to the material facts," *Aslanidis v. U.S. Lines, Inc.*, 7 F.3d 1067, 1072 (2d Cir. 1993) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986)), and cannot rely on the allegations in his or her pleadings, conclusory statements, or on "mere assertions that affidavits supporting the motion are not credible." *Gottlieb v. County of Orange*, 84 F.3d 511, 518 (2d Cir. 1996) (internal citations omitted).

In this case, Defendant contends that it is entitled to summary judgment because plaintiff cannot establish the Defendant created or had actual knowledge or constructive notice of the alleged dangerous condition, a necessary element to his claim for negligence. Defendant's Memorandum in Support at pp. 7 - 10. Plaintiff contends that "[D]efendant has not made out a prima facie case that it did not have constructive notice of the dangerous condition existing on its premises" and that there is sufficient evidence to draw an inference that Defendant had constructive notice of the dangerous condition. Plaintiff's Memorandum in Opposition at pp. 7 - 12.

This case is governed by New York law. In New York, a slip and fall plaintiff must establish that either 1) the defendant created the dangerous condition; or 2) had actual or constructive notice of the dangerous condition and failed to correct the condition within a

4

reasonable time. *Gordon v. American Museum of Natural History,* 67 N.Y.2d 836, 837, 501 N.Y.S.2d 646 (1986); *Lowrey v. Cumberland Farms, Inc.,* 162 A.D.2d 777, 778 (3d Dept. 1990). "The mere existence of a foreign substance, without more, is insufficient to support a claim of negligence." *Segretti v. Shorenstein Co., East, L.P.,* 256 A.D.2d 234, 234 (1st Dept. 1998). In this case, Plaintiff does not contend that defendant created the defective condition. Nor is there any evidence of actual notice on the part of the Defendant. Accordingly, this case turns on whether Defendant had constructive notice.

"To constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it." *Gordon,* 67 N.Y.22d at 837. In this case, the uncontroverted testimony is that the bathroom, an enclosed area, was clean and free of litter or liquid a mere five minutes before the accident occurred. Under these circumstances, it was incumbent upon plaintiff to produce evidence raising a question as to the Defendant's constructive notice. He has not done so and summary judgment is proper for the Defendant. *See Cantalupo v. John Anthony's Water Café, Inc.,* 281 A.D.2d 382, 382, 721 N.Y.S.2d 397 (2d Dept. 2001) (rejecting plaintiffs' contention that defendant had constructive notice of puddle because plaintiff noticed puddle 15 or 20 minutes before the accident and granting defendant summary judgment because there was no evidence that the alleged puddle was visible and apparent to the defendant's employees at any time before accident).

Plaintiff argues that constructive notice can be inferred from the amount of liquid on the floor and the amount of paper littering the "puddle." A similar contention was rejected by the court in *Strowman v. Great Atlantic and Pacific Tea Co., Inc.,* 252 A.D. 384 (1st Dept. 1998). In

5

*Strowman*, the plaintiff claimed she slipped and fell on a crushed and dirty banana peel lying on the supermarket floor and relied on the crushed and dirty condition of the peel for evidence that defendant had constructive notice. The Court rejected the contention and granted summary judgment in favor of the defendant. "[T]he condition of the banana peel is not sufficient to warrant any inference as to the length of time it had been on the supermarket floor. For all that this record shows, the banana peel could have been deposited on the floor only minutes or seconds before the accident. Any other conclusion would be pure speculation." *Id.* at 386. *Accord Faricelli v. TSS Seedman's Inc.,* 94 N.Y.2d 772, 658 N.Y.S.2d 588 (1999) (constructive notice of dangerous condition not established by simple fact that banana peel which caused plaintiff to slip and fall was blackened); *Moss v. JNK Capital Ltd,* 211 A.D.2d 769, 621 N.Y.S.2d 679 (2d Dept. 1995), *aff'd*, 85 N.Y.2d 1005, 631 N.Y.S.2d 280 (1995) (finding that because two employees were in vicinity of the half-eaten plum that caused plaintiff to slip did not warrant finding that the plum had been on the floor for any appreciable period of time; such a conclusion would be pure speculation).

Here, it is uncontroverted that the bathroom was clean and free of debris and liquid five minutes before the alleged accident. The condition of the bathroom as testified to by Plaintiff is insufficient to warrant any inference as to constructive notice. To paraphrase the *Strowman* Court, for all the record shows, the liquid could have been deposited just seconds before by some individual who used the restroom immediately before the plaintiff. Any other conclusion would be pure speculation.

Finally, Plaintiff's argument that there is no evidence as when the last time the restroom was cleaned or of anything that could cause a large puddle, such as a leaky pipe, (Plaintiff's

Mem. at p. 8), does not warrant the denial of summary judgment. In the circumstances of this case, it was not necessary for Defendant to put forth such evidence given the uncontested testimony that the restroom was clean and free of liquid and debris five to fifteen minutes before the accident. *Cf. Tucci v. Stewart's Ice Cream Co., Inc.,* 296 A.D.2d 650, 746 N.Y.S.2d 60 (3d Dept. 2002) (finding insufficient evidence of constructive notice of puddle of water where inspection of aisle within half hour of fall found it to be clean and dry). If Plaintiff deemed such information material to its case or if he wished to challenge the testimony of the witnesses, he could have sought discovery on the issue and/or deposed the Defendant's witnesses. Plaintiff chose not to conduct such discovery and will not now be heard to complain.

## *Conclusion*

For the reasons set forth herein, there exist no material issues of fact. The Court GRANTS Defendant's motion for summary judgment in its entirety. The Clerk of the Court is directed to close this case.

**SO ORDERED**

Dated: Central Islip, New York
December 4, 2006

_____/s/_____
Denis R. Hurley,
United States District Judge